IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff,                    No. CIV S-11-0139 JAM GGH PS

   vs.

ARMANDO SANDOVAL, et al.,        <u>FINDINGS &</u>

        Defendants.          <u>RECOMMENDATIONS</u>

_____/

        Defendants Armando and Yadira Sandoval, proceeding pro se, filed on January 14, 2011 a Notice of Removal of an unlawful detainer action filed against them in state court. Plaintiff Federal National Mortgage Association ("Fannie Mae") has now filed an ex parte application for remand. Defendants have not filed a response. After reviewing the application, the court recommends that the case be remanded to state court.[1]

<u>BACKGROUND</u>

        Defendants were sued in state court in an unlawful detainer action for their refusal to quit and deliver possession of residential real property purchased by plaintiff at a non-judicial foreclosure sale.

---

[1] The case has been referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Defendants filed a petition for removal, alleging that the notice to vacate the premises was defective.  They claim the court has federal question jurisdiction pursuant to 28 U.S.C. § 1441(a) because "[t]he complaint presents federal questions."  (Defs.' Notice of Removal at 2.)  Plaintiff moves ex parte for summary remand, contending that the removal was filed for purposes of delay.

DISCUSSION

I.  Federal Question Jurisdiction

A district court has an independent duty to examine its own jurisdiction and remand a removed action "since removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment ...."  Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

Removal jurisdiction statutes are strictly construed against removal.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party invoking removal."  Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

A plaintiff may bring suit in federal court if his claim "arises under" federal law. 28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A defendant cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical to those for invoking its original jurisdiction.  The requirements for both relate to the same end, that is, federal jurisdiction.

1    Removal of a state court action is proper only if it originally could have been filed

2   in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by

3   removal, only those cases in which a well-pleaded complaint establishes either that federal law

4   creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

5   of a substantial question of federal law." Franchise Tax Board v. Construction Laborers

6   Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal

7   law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

8   93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability,

9   is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d

10  422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one

11  based on federal preemption   . . . renders an action brought in state court removable.").

12  Defendants have not raised any federal questions, and have not shown that they are unable to

13  raise their federal constitutional rights in state court.

14    This court has no jurisdiction over unlawful detainer actions which are strictly

15  within the province of state court. Defendants' apparent attempt at creating federal subject

16  matter jurisdiction by simply stating so will not succeed. See Catee v. Capital One, F.S.B. 479

17  F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will

18  not permit removal).

19    II.  Original Jurisdiction Based on Fannie Mae's Federal Charter

20    Courts are split over whether Fannie Mae's charter confers federal jurisdiction. In

21  Pirelli v. Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines, 534 F.3d 779

22  (D.C. Cir. 2008), the court relied on American National Red Cross v. Solicitor General, 505 U.S.

23  247, 112 S.Ct. 2465 (1992), to so hold. Fannie Mae's charter provides for it "to sue and be sued,

24  and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12

25  \\\\\

26  \\\\\

3

1  U.S.C. § 1723a(a).[2]  The <u>Pirelli</u> court found that this language was similar to the charter

2  providing that the Red Cross was authorized "to sue and be sued in courts of law and equity,

3  State or Federal, within the jurisdiction of the United States..."  (<u>Id.</u> at 251.) <u>See</u> 36 U.S.C. §

4  300105(a)(5).

5          Other courts, however, have distinguished the enabling language of these statutes.

6  For example, in <u>Knuckles v. RBMG, Inc.</u>, 481 F.Supp.2d 559, 563 (S.D. W. Va. 2007), the court

7  compared statutory construction in the Red Cross charter to that found in the Fannie Mae charter:

8          Under the canons of statutory construction each word in a statute
           should be given effect and linguistic superfluity avoided. <u>Scheidler</u>
9          <u>v. Nat'l Org. for Women, Inc.</u>, 547 U.S. 9, 126 S.Ct. 1264, 164
           L.Ed.2d 10 (2006). Accordingly, the phrase "any court of
10         competent jurisdiction, State or Federal," found in Fannie Mae's
           charter, but not in the charter of the Red Cross, must be given
11         effect. For the phrase "any court of competent jurisdiction" to have
           any meaning it should be read as differentiating between state and
12         federal courts that possess "competent" jurisdiction, i.e., an
           independent basis for jurisdiction, from those that do not. To
13         conclude, as Fannie Mae suggests, that its charter could be read to
           confer original federal jurisdiction in all suits in which it is a party,
14         notwithstanding the absence of an independent basis for federal
           jurisdiction, would effectively eliminate the phrase "of competent
15         jurisdiction" from the charter. Stated differently, were the court to
           adopt Fannie Mae's reading of its charter, all federal courts would
16         possess jurisdiction, regardless of competency.

17         The <u>Knuckles</u> court compared the same language which is found in the charter for

18  the Secretary of Housing and Urban Development, noting that courts have declined to construe it

19  as creating a grant of federal jurisdiction.  <u>Id.</u>  <u>See</u> 12 U.S.C. §1702; <u>C.H. Sanders Co. v. BHAP</u>

20  <u>Hous. Dev. Fund Co.</u>, 903 F.2d 114, 118 (2nd Cir. 1990); <u>Industrial Indem., Inc. v. Landrieu</u>, 615

21  F.2d 644, 647 (5th Cir. 1980); <u>Bor-Son Bldg. Corp. v. Heller</u>, 572 F.2d 174, 181 (9th Cir. 1978);

22  <u>Lindy v. Lynn</u>, 501 F.2d 1367, 1369 (3rd Cir. 1974).

23         In <u>Rincon del Sol v. Lloyd's of London</u>, 709 F.Supp.2d 517, 524 (S.D. Tex.

24  _____

25         [2]  In contrast, the statute addressing Freddie Mac's charter states that "all civil actions to
       which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the
       United States, and the district courts of the United States shall have original jurisdiction of all
26     such actions, without regard to amount or value..."  12 U.S.C. § 1452(f).

1  2010), the court reasoned that the language, "of competent jurisdiction," required an independent

2  basis of jurisdiction, because to construe otherwise would render the emphasized language "to be

3  sued in *any* court of competent jurisdiction, *State* or Federal," ineffectual as it would eliminate

4  the right to sue Fannie Mae in state court.  Rincon also noted the Pirelli court's acknowledgment

5  that the Fannie Mae statute contained the words, "of competent jurisdiction," while the Red

6  Cross charter did not.  Id. at 523.

7          Other courts interpreting the Fannie Mae charter have come to the same

8  conclusion.  See Federal National Mortgage Ass'n v. Sealed, 457 F.Supp.2d 41(D.D.C. 2006),

9  overruled by Pirelli, 534 F.3d at 785; Federal National Mortgage Ass'n v. De-Savineau, 2010

10  WL 3397027 (C. D. Cal. 2010); Federal National Mortgage Ass'n v. Bridgeman, 2010 WL

11  5330499 (E. D. Cal. 2010); State of Nevada v. Countrywide Home Loans Servicing, LP, 2011

12  WL 484298 (D. Nev. February 4, 2011) (finding that Fannie Mae's charter does not create

13  jurisdiction but federal jurisdiction existed independently on other grounds).

14          In analogous statutory construction, courts have noted that where the Federal

15  Home Loan Bank is a party, the "sue and be sued" provision in this bank's charter is nearly

16  identical to that provision in Fannie Mae's charter, and have rejected any grant of original

17  jurisdiction.[3]  See Federal Home Loan Bank of Chicago v. Bank of America Funding Corp., ___

18  F.Supp.2d ___, 2011 WL 151842, *2 (N.D. Ill. 2011); Federal Home Loan Bank of San

19  Francisco v. Deutsche Bank Securities, Inc., 2010 WL 5394742 (N.D. Cal. 2010); Federal Home

20  Loan Bank of Seattle v. Deutsche Bank Securities, Inc., 736 F.Supp.2d 1283, 1286 (W.D. Wash.

21  2010); Federal Home Loan Bank of Seattle v. Barclays Capital, Inc., 2010 WL 3662345, *2

22  (W.D. Wash. 2010).

23          There are a few cases finding original jurisdiction under Fannie Mae's charter;

24  however, the undersigned disagrees with the one case which provided any analysis.  In Griffin v.

25

26          [3]  Title 12 U.S.C. § 1432(a) provides for the FHLB "to sue and be sued, to complain and
    to defend, in any court of competent jurisdiction, State or Federal...."

1  Federal National Mortgage Association, Inc., 2010 WL 5535618, *2 (E.D. Tex. 2010), the court

2  construed Fannie Mae's charter as similar to the Red Cross statute and found the words, "of

3  competent jurisdiction" in the statute not to be superfluous because these words "help to clarify

4  that, among other things, litigants in state courts of limited jurisdiction must satisfy the

5  appropriate jurisdictional requirements and that litigants, whether in federal or state court, must

6  establish that court's personal jurisdiction over the parties." Id.  However, the undersigned

7  prefers to rely on the reasoning articulated in the cases cited above, many of which cite the

8  concurrence in Pirelli, which argues that the majority misinterpreted Red Cross.  In her

9  concurrence, Judge Brown argues that Red Cross "stands for the unremarkable rule that

10  mentioning federal courts is necessary, but not always sufficient, to confer jurisdiction."  534

11  F.3d at 795.  "In Red Cross, the Court declared "a congressional charter's 'sue and be sued'

12  provision *may* be read to confer federal court jurisdiction if, but only if, it specifically mentions

13  the federal courts."  Id., quoting Red Cross, 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added).

14         The only other courts agreeing with the majority in Pirelli found original

15  jurisdiction without deciding it.  See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 891 F.Supp.

16  371, 372 (S.D.Tex.1994) (assuming original subject matter jurisdiction without analysis);

17  Connelly v. Federal Nat. Mortg. Ass'n, 251 F.Supp.2d 1071 (D. Conn. 2003) (same); In re

18  Fannie Mae 2008 Securities Litigation, 2009 WL 4067266, *2 (S.D.N.Y. 2009) (same).

19         Based on the aforementioned analysis, the court finds that remand is appropriate

20  because there is no subject matter jurisdiction.  Pursuant to 28 U.S.C. § 1447(c), where it appears

21  the court lacks subject matter jurisdiction, the court shall make an order for remand.  The petition

22  for removal and the state court record filed in this case demonstrate that the underlying

23  proceedings are not removable to this court.

24         Based on defendants' delay tactics as outlined by Fannie Mae, which includes an

25  untimely removal without notice at the time the state court case was to be set for trial, as well as

26  the conclusory nature of the removal notice, which indicates that defendants obtained a

1  boilerplate form and inserted no facts specific to this case, the undersigned finds that the case

2  must be summarily remanded.

3  CONCLUSION

4         IT IS HEREBY RECOMMENDED that:

5         1.  The state action be summarily remanded to the Yolo County Superior Court;

6         2.  The Clerk serve a certified copy of this order to the Clerk of the Yolo County

7  Superior Court, and reference the state case number (UD10-2655) in the proof of service; and

8         3.  The Clerk be directed to close this case.

9         These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

11  fourteen (14) days after being served with these findings and recommendations, any party may

12  file written objections with the court and serve a copy on all parties.  Such a document should be

13  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

14  objections shall be served and filed within fourteen (14) days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: 03/15/2011

18         /s/ Gregory G. Hollows

19         UNITED STATES MAGISTRATE JUDGE

20  GGH:076/FederalNational0139.rem.wpd

21

22

23

24

25

26